IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANTONIO A. ASH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | CIV-14-811-R |
| v. ) | |
| ) | |
| RAUL PEREZ, et al., ) | |
| ) | |
| Defendants. ) | |

REPORT AND RECOMMENDATION

In this 42 U.S.C. § 1983 action filed by Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, Plaintiff filed a Complaint on August 1, 2014, alleging constitutional deprivations occurring during his confinement at the Lawton Correctional Facility.[1] The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B).

On December 22, 2014, Defendant Patton filed a Motion to Dismiss the action pursuant to Fed. R. Civ. P. 12(b)(1) and (6). (Doc. # 19). Plaintiff has not responded to the Motion to Dismiss, although he was advised of his opportunity to do so. See Order (Doc. #20). On January 5, 2015, Defendants GEO Corrections and Perez filed a Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56. (Doc. # 23). Plaintiff has not responded

---

[1] Although Plaintiff did not inform the Court of his transfer, his two Pro Se Litigant's Request for Issuance of Summons filed October 7, 2014 (Docs. # 12, 13) indicate that he has been transferred to Joseph Harp Correctional Center, P.O. Box 548, Lexington, Oklahoma, 73051.

1

to the Motion for Summary Judgment, although he was advised of his opportunity to do so. See Order (Doc. # 24).

On January 14, 2015, Plaintiff filed a letter (Doc. # 25) in which Plaintiff requests the voluntary dismissal of this action to allow him to focus on his other pending actions in this Court.

Under Rule 41(a)(1), Fed. R. Civ. P. , a plaintiff may voluntarily dismiss a cause of action "by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or . . . a stipulation of dismissal signed by all parties who have appeared" in the action. Fed. R. Civ. P. 41(a)(1)(A). Because two Defendants named in this action have filed a Motion for Summary Judgment and Plaintiff has not filed a stipulation of dismissal signed by Plaintiff AND Defendants, Rule 41(a)(1) does not provide a basis for a unilateral dismissal of the instant action by the Plaintiff.

Rule 41(a)(2) allows a plaintiff to request the dismissal of a cause of action, but this rule contemplates the entry of an order by the court dismissing the action only "upon such terms and conditions as the court deems proper." Fed. R. Civ. P. 41(a)(2). Because Rule 41(a)(1)(A) is not applicable, Plaintiff's motion to dismiss is construed as a motion for voluntary dismissal by order of the Court under Rule 41(a)(2). A dismissal under Rule 41(a)(2) is addressed to the sound discretion of the court, and in reviewing such a motion the court should consider the purposes of the rule. Clark v. Tansy, 13 F.3d 1407, 1411 (10th Cir. 1993).

"When considering a motion to dismiss without prejudice, the important aspect is

whether the opposing party will suffer prejudice in the light of the valid interests of the parties." Id. (internal quotation omitted). "It is the prejudice to the opposing party, rather than the convenience of the court, that is to be considered in passing on a motion for dismissal." Id. (quotation and brackets omitted). Factors to be considered in this evaluation include the opposing party's effort and expense in preparing for trial, excessive delay and lack of diligence by the movant, and insufficient explanation for the need to dismiss the action. Id. The court may also consider the stage of litigation. Phillips USA, Inc. v. Allflex USA, Inc., 77 F.3d 354, 358 (10th Cir. 1996).

Although it appears that Defendants have expended considerable efforts in compiling affidavits and documentary evidence in filing their motions, it does not appear that Plaintiff has excessively delayed seeking to dismiss his action, the litigation is still in its early stages, Plaintiff has provided a reasonable explanation of his need to dismiss the action, and it does not appear that Defendants would suffer prejudice as a result of a dismissal of the instant action without prejudice. Additionally, the undersigned has been informally advised by counsel for the Defendants that the Defendants have no objection to Plaintiff's request for dismissal of this action.

## RECOMMENDATION

For the foregoing reasons, it is recommended that Plaintiff's request for voluntary dismissal of his action, construed as a motion for voluntary dismissal by order of the Court under Rule 41(a)(2), be GRANTED and that the cause of action, including all of the claims against all of the Defendants asserted in the Complaint, be DISMISSED WITHOUT

PREJUDICE pursuant to Fed. R. Civ. P. 41(a)(2).

In light of this recommendation, it is further recommended that the Motion to Dismiss by Defendant Patton (Doc. # 19) be DENIED as moot and the Motion for Summary Judgment by Defendants GEO Corrections and Perez (Doc. # 23) be DENIED as moot.

The parties are advised of their respective right to file an objection to this Report and Recommendation with the Clerk of this Court by February 18th, 2015, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this 29th day of January, 2015.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE